# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALAN M. PERANO II,
BRIAN C. DELVE,
DEREK M. KELSEY,
SCOTT B. TILLEY, JR.,
JOHN T. SHIELDS, JR., and
MATTHEW E. SANTIAGO,

        Plaintiffs,

        v.

CLARA KIM,
NCKS CORP.,
TAE JIN CORP., and
USABSK CORPORATION,
Jointly and Severally d/b/a "USA Pawn,

        Defendants.

No. 1:11-CV-00997-CCE-LPA

**UNOPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENT,
ENTER FLSA FAIRNESS DETERMINATION, AND
ENTER STIPULATION OF DISMISSAL**

The plaintiffs and defendants have reached agreement to resolve this lawsuit, brought

pursuant to the overtime and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C.

§§ 206, 207, as reflected in the attached Settlement Agreement, Exhibit A.   Accordingly,

plaintiffs request a fairness determination and entry of the attached proposed Consent Order

approving the Settlement Agreement. *Taylor v. Progress Energy, Inc*., 493 F.3d 454, 460 (4th Cir.

2007)(judicial prohibition of unsupervised settlement of FLSA wage claims); *Lynn's Food

Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982)("When employees bring a

private action for back wages under the FLSA, and present to the district court a proposed

settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for

fairness."). In such cases, the proposed settlement must reflect a reasonable compromise of a bona fide dispute. *Id*.

Pursuant to the terms of the attached Settlement Agreement, the total settlement amount of $32,500.00 includes $23,750.00 for plaintiffs' FLSA back wages and damages. The remaining $8,750.00 represents attorney's fees to and costs incurred by plaintiffs' counsel. Plaintiffs' counsel has submitted contemporaneously herewith a declaration supporting the reasonableness of the fees and costs.

Under the terms of the Settlement Agreement, defendants will pay plaintiffs the abovementioned amount which will be allocated among the individual plaintiffs as set forth below. These payments provide recovery to each plaintiff in excess of 100% of their claimed unpaid wages (both overtime and minimum wage claims) accrued during the two-year statute of limitations provided in 29 U.S.C. § 255(a), taking into account the offset of additional amounts paid voluntarily by defendants to certain of the plaintiffs[1] after their claims were advanced through initiation of a US Department of Labor investigation.

| Plaintiff | Settlement Amount/2-Year Claim Recovery Ratio |
|---|---|
| Alan M. Perano: ………….. | $2,500.00 =1336% of claimed wages within 2-year SOL |
| Brian C. Delve: …………… | $4,000.00 = 226% of claimed wages within 2-year SOL |
| Derek M. Kelsey: …………. | $3,750.00 = 187% of claimed wages within 2-year SOL |
| Scott B. Tilley, Jr.: ………… | $4,500.00 = 299% of claimed wages within 2-year SOL |
| John T. Shields, Jr.: ……….. | $4,500.00 = 510% of claimed wages within 2-year SOL |
| Matthew E. Santiago: ………$4,500.00 = 332% of claimed wages within 2-year SOL |

---

[1] Plaintiffs acknowledge receipt from defendants, after the conclusion of the USDOL investigation of their complaints, of voluntary payments of the following amounts: Perano - $1,800.00; Kelsey - $7,800.00; Tilley - $7,178.00; Shields - $1,000.00; Santiago - $2,500.00.

2

Under the terms of the Settlement Agreement, the individual Plaintiffs' recoveries, in relation to the amounts claimed by the plaintiffs for back wages within the three-year statute of limitations for willful violations under 29 U.S.C. § 255(a), is as follows:

| Plaintiff | 3-Year SOL Claim Recovery Ratio |
|---|---|
| Alan M. Perano: …………… | 100%+ of claimed wages within 3-year SOL |
| Brian C. Delve: ……………. | 64% of claimed wages within 3-year SOL |
| Derek M. Kelsey ………….. | 61% of claimed wages within 3-year SOL |
| Scott B. Tilley: ……………. | 97% of claimed wages within 3-year SOL |
| John T. Shields: …………… | 90% of claimed wages within 3-year SOL |
| Matthew E. Santiago: ……… | 90% of claimed wages within 3-year SOL |

The parties' settlement of the FLSA claims "represents a reasonable compromise of disputed issues." *Lynn's Food Stores,* 679 F.2d at 1353-54. An FLSA fairness determination is appropriate where both parties are represented by counsel who have engaged in arm's-length negotiations. *Id.* at 1354. In this case, the parties have evaluated the expense and risk associated with continuing litigation, and have determined that the settlement terms reflected in the Settlement Agreement and the proposed consent order are in their respective best interests.

Plaintiffs' opportunity to make a greater recovery at trial would involve, at minimum, the following contested issues of fact:

- Disputes as to witness credibility in connection with proof of defendants' alleged willful state of mind concerning violations of the wage and hour law, *see Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 358-359 (4th Cir. 2011)(vacating summary judgment for plaintiff on willfulness of employer violation);

3

- Disputes as to credibility arising from plaintiffs' lack of documentation of hours worked and defendants' written records of hours worked, *see McLaughlin v. Murphy*, 436 F. Supp. 2d 732, 737-738 (D. Md. 2005)(summary judgment for employer; employee has burden of proving by reasonable estimate the number of hours worked), *aff'd per curiam,* 247 Fed. Appx. 430 (4th Cir. 2007);

- Disputed calculation of plaintiffs' respective "regular" rates of pay, *see* 29 U.S.C. § 207(e), 29 C.F.R. § 778.113(a), 29 C.F.R. § 778.114(a), 29 C.F.R. § 778.207(b), 29 C.F.R. § 778.310; and,

- Disputes over the claim of working hours in any given work week in excess of 40, due to defendants' denial of a joint employer relationship among the separate corporate entities operating the three pawn shop business locations at which plaintiffs performed services, *see, e.g. Layton v. DHL Express, Inc*., No. 11-12532, 2012 U.S. App. LEXIS 13978 (11th Cir. 2012)(affirming summary judgment against employees on joint employer issue) *citing Goldberg v. Whitaker House Cooperative, Inc*, 366 U.S. 28, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961)(economic reality test of employment relationship).

In view of these proof issues and the additional time and expenses of proceeding to trial, plaintiffs have agreed and plaintiffs' counsel has concurred that the recoveries pursuant to this settlement are in their respective best interests. All offers of settlement advanced by defendant were presented as separate amounts allocated to each named plaintiff; no lump sum settlement offers were received or advanced. Undersigned counsel for plaintiffs consulted separately with each individual plaintiff regarding the terms of the settlement offered by defendants, and each individual plaintiff concurred in accepting defendants' final settlement offer. Plaintiffs each have

4

executed the settlement agreement separately, outside the presence of plaintiffs' counsel and outside the presence of the other co-plaintiffs.

Discovery in this case has been informal to date, with plaintiffs having been provided with extensive detailed documentation of defendants' accounting of hours worked by and amounts paid to plaintiffs. Plaintiffs have access to the United States Department of Labor investigator's wage calculations, attached hereto as Exhibits B-1 through B-6, inclusive, upon which plaintiffs have based their calculations of wages owed.

The litigation is consequently in an early stage of formal discovery, although formal written discovery requests have been served and the discovery period will expire pursuant to the initial pretrial order on September 26, 2012. If required to proceed with discovery due to failure of the settlement agreement, 7 to 10 depositions and additional detailed document production will need to be completed by the parties. In that event, plaintiffs will incur additional out of pocket expense reasonably estimated at not less than $4,000 and will continue uncompensated for back wages at least through the period until trial of the matter can be completed. The case is scheduled for trial on the April 1, 2013, trial calendar.

The settlement agreement has been negotiated at arm's length and has involved a series of offers and counter-offers between the parties, acting through their respective counsel of record. Counsel for plaintiff has been engaged in the practice of law for 29 years, substantially focused on employment litigation on behalf of plaintiffs, and with that experience entailing numerous prior cases involving wage-and-hour and other employee compensation claims. Defendant's counsel has been engaged in the practice of law for 41 years, and is generally recognized as among the best lawyers in the field of employment law in North Carolina. There has been no collusion between the parties in reaching the settlement.

5

As noted above, the settlement produces a recovery of more than 100 percent of each plaintiff's claimed back wages (after legitimate offset for acknowledged voluntary payments made by defendants) accrued during the two-year period next preceding the filing of the court action. Further the settlement amount provides a substantial additional recovery for each plaintiff which may be viewed either as substantial satisfaction of the liquidated damages provision of 29 U.S.C. § 216(b), or as substantial satisfaction of the wages owed for the three-year limitations period applicable to willful violations of the FLSA. Plaintiffs each have agreed to this settlement based upon the advice of their counsel, including counsel's assessment of the probability of success on the merits and the risks of less favorable outcomes at trial, as well as the potential for incurring additional expense and loss of time in recovering wages which are owed if the litigation proceeds.

Undersigned counsel for plaintiffs has provided a copy of this motion to counsel for defendants and has consulted with defendants' counsel regarding defendants' position as to the motion. Undersigned counsel for plaintiffs is authorized to inform the court that defendants do not oppose the motion. Accordingly, plaintiffs request that the Court approve the fairness of this settlement, enter the attached proposed consent order, and authorize the entry of a joint stipulation of dismissal with prejudice of all claims and counterclaims.

Respectfully submitted this 20th day of September, 2012.

/s/ David B. Puryear, Jr.
David B. Puryear, Jr.
N.C. State Bar No. 11063
Attorney for Plaintiffs
PURYEAR AND LINGLE, P.L.L.C.
5501-E Adams Farm Lane
Greensboro, NC 27407
Telephone: (336) 218-0227
Facsimile: (336) 218-0240
E-mail: puryear@puryearandlingle.com

6

<u>CERTIFICATE OF SERVICE</u>

       I certify that on this day I electronically filed the foregoing **UNOPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENT, ENTER FLSA FAIRNESS DETERMINATION, AND ENTER STIPULATION OF DISMISSAL** with the Clerk of Court in the United States District Court for the Middle District of North Carolina using the CM/ECF system which will send notification of such filing to the following:

    J. David James
    Smith, James Rowlett & Cohen LLP
    P.O. Box 990
    Greensboro, NC 27402
    E-mail:  jdavidjames@earthlink.net


       This the 20th day of September, 2012.

                  /s/ David B. Puryear, Jr.
                  David B. Puryear, Jr.
                  NC State Bar No. 11063
                  puryear@puryearandlingle.com
                  PURYEAR & LINGLE, P.L.L.C.
                  Adams Farm Professional Center
                  5501-E Adams Farm Lane
                  Greensboro, NC 27407-6396